UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUE RELIGION APPAREL, INC. and GURU DENIM INC., <br><br> Plaintiffs, <br><br> v. <br><br> IBRAHIM ALI IBRAHIM ABU-HARB, <br><br> Defendant. | Civil Action No. |

# COMPLAINT

Plaintiffs, TRUE RELIGION APPAREL, INC. and GURU DENIM INC. (collectively, "Plaintiffs"), by and through their attorneys, Fish & Richardson P.C., file their complaint against IBRAHIM ALI IBRAHIM ABU-HARB ("Defendant"), for injunctive relief and damages as follows:

1.     Except for allegations based on personal knowledge, such as allegations involving Plaintiffs' business and corporate identity, the allegations in this Complaint are based on information and belief.

## Nature Of Action

2.     This is an action for cybersquatting under the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

## Parties And Personal Jurisdiction

3.      Plaintiff, True Religion Apparel, Inc., is a Delaware corporation with its principal place of business in Vernon, California.

4.      Plaintiff, Guru Denim Inc., is a California corporation with its principal place of business in Vernon, California.

5.      Defendant is an individual with an address of PO Box 21679, Riyadh, 11485, Saudi Arabia.

6.      This Court has personal jurisdiction over Defendant because he has expressly agreed that the Court has jurisdiction over him in connection with the unlawful activities at issue in this Complaint when he agreed to the terms in the domain name registration agreement for the registration and/or renewal of the domain name truereligion.com.

7.      Additionally, this Court has personal jurisdiction over Defendant because he conducts systematic and continuous business within Massachusetts related to the unlawful activities at issue in this Complaint.   In addition, Defendant has undertaken acts of cybersquatting and trademark infringement that were purposefully directed at Massachusetts with knowledge that the brunt of the injury would be felt by Plaintiffs in Massachusetts. Furthermore, and in the alternative, the Court has personal jurisdiction over Defendant under the nationwide jurisdiction provision of Rule 4(k)(2) of the Federal Rules of Civil Procedure.

8.      This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

9.      Venue is proper in this Judicial District as to the Defendant pursuant to 28 U.S.C. § 1391(d) because the Defendant is a foreign citizen.

**Plaintiffs' Business and Their TRUE RELIGION Trademark**

10.    Plaintiffs business began in California in 2002, with the intention of redefining premium denim through an emphasis on fit, quality, and style. Over a decade later, Plaintiffs remain committed to achieving excellence in authentic American-made, superior-fitting denim with a trendsetting appeal for today's consumer. Plaintiffs have succeeded in becoming an innovator in exceptional lifestyle branding and a global leader in premium denim, casual sportswear, and related accessories, across divisions for men, women, and children.  Information from Plaintiffs' website page titled *Company Profile* is attached to this Complaint as Exhibit 2.

11.    Plaintiffs own the exclusive rights to the trademark, service mark and trade name TRUE RELIGION (collectively, the "TRUE RELIGION Mark") which they have used for many years in connection with high-quality, designer garments, including high-end fashion jeans, sportswear, accessories including jewelry, and other products (collectively, the "TRUE RELIGION Products").  Among the most well-known and popular of the TRUE RELIGION Products are their iconic jeans. Several specimens of the TRUE RELIGION Mark in use are attached to this Complaint as Exhibit 1.

12.    The TRUE RELIGION Mark has become synonymous with modern and distinctive product designs that stand for exceptional quality and styling details.

13.    In 2012, Plaintiffs' sales, in connection with goods bearing the TRUE RELIGION Mark, exceeded $400 million dollars.  Moreover, total sales for all time are well over $1 billion dollars.

14.    Plaintiffs manufacture and market TRUE RELIGION Products through a diversified network of retail, e-commerce, wholesale, and licensing channels worldwide.

15.     Plaintiffs operate over 120 stores in the United States, including several stores within this Judicial District. A screen shot from Plaintiffs' website showing several store locations is attached to this Complaint as Exhibit 3.

16.     One key channel of trade for Plaintiffs is the Internet. Plaintiffs' extensive advertising on the Internet includes the operation of a website, a blog, and active accounts on numerous social media sites including Facebook, Twitter, Tumbler, and Pinterest, to list a few. Plaintiffs' Facebook page has over one million "likes"; Plaintiffs' Twitter feed has over twenty thousand "followers."

17.     In 2012 alone, Plaintiffs' advertising expenditures in connection with the TRUE RELIGION Mark were over twelve million dollars.

18.     Plaintiffs operate a website accessible at truereligionbrandjeans.com, which provides information on TRUE RELIGION Products, as well as features retail store services enabling consumers to purchase TRUE RELIGION Products online directly from Plaintiffs. *See* Exhibit 1.

19.     Plaintiffs and Plaintiffs' goods and services provided under the TRUE RELIGION Mark have been extensively featured in editorials, and extensively discussed by established fashion bloggers.  Printouts from some of this press coverage are available on Plaintiffs' website, and select screen shots are attached to this Complaint as Exhibit 4. Further, the TRUE RELIGION Mark has long enjoyed unquestionable fame as a result of favorable general public acceptance and recognition.

20.     Plaintiffs have, through extensive and continuous use, created tremendous goodwill in the TRUE RELIGION Mark.

21.     The TRUE RELIGION Mark is unique and distinctive and, as such, designates a single source of origin.

22.     Based on Plaintiffs' use, including the use described herein, Plaintiffs own common law trademark rights in the TRUE RELIGION Mark.

23.     The TRUE RELIGION Mark is a famous mark protected under 15 U.S.C. § 1125(c).

24.     In addition to their extensive common law rights, Plaintiffs also own numerous trademark registrations for the TRUE RELIGION Mark.  For example, Plaintiffs own United States Trademark Registration Nos.: 3,162,614; 3,162,615; 3,628,973; 3,884,465; and 3,963,295 for the TRUE RELIGION Mark.  A copy of the Certificate of Registration for each registration is attached to this Complaint as Exhibit 5.

25.     United States Trademark Registration Nos. 3,162,614 and 3,162,615 are incontestable pursuant to 15 U.S.C. § 1065.

26.     Plaintiffs vigorously protect their rights in the TRUE RELIGION Mark to ensure that the mark continues to signify a single source of goods and services, and to protect consumers from lower quality counterfeits.

27.     Plaintiffs diligently protect the TRUE RELIGION Mark from cybersquatting. *See e.g., True Religion Apparel, Inc. and Guru Denim, Inc. v. Xiaokang Lee, Lin Jianyu et al*, Case No. 1:11-cv-08242 (S.D.N.Y. Nov. 15, 2011) (defendants ordered to pay $863 million in damages for cybersquatting and counterfeiting, transfer of 282 domain names to plaintiffs); *True Religion Apparel, Inc. and Guru Denim, Inc. v. Does 1-100,* Case No. 1:12-cv-09894 (N.D. Ill. Dec. 12, 2012) (judgment for plaintiffs); *True Religion Apparel, Inc. and Guru Denim, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" and Does 1-100,*

Case No. 1:13-cv-00580 (N.D. Ill. Jan. 24, 2013) (judgment for plaintiffs); *True Religion Apparel, Inc. and Guru Denim, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" and Does 1-100*, Case No. 1:13-cv-02523 (N.D. Ill. Apr. 4, 2013) (judgment for plaintiffs); *True Religion Apparel, Inc. and Guru Denim, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" and Does 1-100*, Case No. 1:13-cv-04435 (N.D. Ill. Jun. 17, 2013) (entry of judgment for plaintiffs pending).

## Defendant's Registration, Trafficking In, and Use of truereligion.com

28.     Defendant registered and uses the Internet domain name truereligion.com (the "Domain Name").   A printout of the whois data for the Domain Name is attached to this Complaint as Exhibit 6.

29.     Defendant registered the Domain Name on or about November 11, 1998, several years prior to Plaintiffs' establishment of the TRUE RELIGION Mark.

30.     Defendant used the Domain Name to host a website related to "Understanding Islam."

31.     After the TRUE RELIGION Mark became well-established, Defendant began using the Domain Name to earn money by displaying Google's Adsense ads on a website he hosted at the Domain Name.

32.     Defendant used the TRUE RELIGION Mark, as well as the terms "Jeans" and "Clothes" in the meta tags of the hosted website.

33.     In or around 2011, Defendant began his attempts to sell the Domain Name to Plaintiffs.

34.     In or around 2011, Defendant, through his agent, offered to sell the Domain Name for $1 million dollars to Plaintiffs.  A copy of the email correspondence containing the offer is attached to this Complaint as Exhibit 7.

35.     Plaintiffs rejected Defendant's offer to buy the Domain Name.

36.     In or around 2011, Plaintiffs learned that Defendant used the TRUE RELIGION Mark in the meta tags on his website.

37.     Upon Plaintiffs' discovery that Defendant used the TRUE RELIGION Mark in the meta tags on his website, Plaintiffs demanded that Defendant remove these terms.

38.     After Plaintiffs rejected Defendant's offer to buy the Domain Name, Defendant began using the Domain Name to willfully infringe on the TRUE RELIGION Mark.

39.     Defendant uses the Domain Name to operate a website (the "Infringing Website") that advertises Plaintiffs' TRUE RELIGION Products.

40.     The Infringing Website prominently displays the TRUE RELIGION Mark along with the word "JEANS," and displays photographs of Plaintiffs' Products.

41.     The Infringing Website also prominently displays text stating "True Religion Men's Store," and "True Religion Women's Store," along with clickable buttons labeled "shop now at amazon." A screen capture of the Infringing Website is attached to this Complaint as Exhibit 8.

42.     When users click either of the clickable buttons labeled "Shop now at amazon" on the Infringing Website, they are redirected to the Amazon.com website, and specifically to an offering of either men's or women's TRUE RELIGION Products, respectively.

43.     Defendant is an Amazon.com affiliate and earns commissions by redirecting consumers from the Infringing Website to Amazon.com.

44.     Defendant has earned tens of thousands of dollars in commissions from the sale of TRUE REGLION Products.

45.     Defendant has optimized the Infringing Website to attract consumers searching for Plaintiffs or goods bearing the TRUE RELIGION Mark.

46.     Defendant uses Google Analytics to analyze traffic to the Infringing Website and to optimize his infringement.

47.     Defendant designed and programmed the Infringing Website specifically to attract consumers searching for Plaintiffs or goods bearing the TRUE RELIGION Mark.

48.     Defendant used "True Religion Jeans" as the webpage title for the Infringing Website.

49.     The Infringing Website attracts over 1,000 visitors a day.

50.     The vast majority of the visitors to the Infringing Website are seeking Plaintiffs, or TRUE RELIGION Products.

**HARM TO PLAINTIFFS AND THE GENERAL PUBLIC**

51.     Defendant's unauthorized registration and use of the Domain Name, and his operation of the Infringing Website, create a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Domain Name, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendant, and the Domain Name and the Infringing Website, with Plaintiffs.

52.     Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their long-used and federally registered TRUE RELIGION Mark.

53.     Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

### FIRST CAUSE OF ACTION

### [Cybersquatting on the TRUE RELIGION Mark

### Under 15 U.S.C. § 1125(d)]

54.     Plaintiffs reallege and incorporate by reference each of the paragraphs above as though fully set forth here.

55.     Defendant registered, trafficked in, or used the Domain Name.

56.     The TRUE RELIGION Mark was distinctive and federally registered at the time Defendant used the Domain Name.

57.     The Domain Name is identical or confusingly similar to the TRUE RELIGION Mark.

58.     Defendant trafficked in, or used the Domain Name in bad faith and with a bad faith intent to profit from the TRUE RELIGION Mark.

59.     Defendant does not have any intellectual property rights or any other rights in the TRUE RELIGION Mark.

60.     The Domain Name does not consist of the legal name of Defendant, nor a name that is otherwise commonly used to identify Defendant.

61.     Defendant has not made any prior use of the Domain Name in connection with the *bona fide* offering of any goods or services.

62.     Defendant has not made any *bona fide* fair use of the TRUE RELIGION Mark on a website accessible under the Domain Name.

63.     Defendant used the Domain Name to divert consumers from Plaintiffs' website to a website accessible under the Domain Name for Defendant's commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's website.

64.     The TRUE RELIGION Mark is a famous mark protected under 15 U.S.C. § 1125(c).

65.     Defendant's registration, use, or trafficking in the Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

66.     Defendant engaged in the activities complained of above with a bad faith intent to profit from the registration or maintenance of the Domain Name.

67.     By reason of Defendant's acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68.     By reason of Defendant's acts alleged herein, Plaintiffs are entitled to recover Defendant's profits, actual damages and the costs of this Action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of one hundred thousand dollars ($100,000) per domain name infringement.

69.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### [Trademark Infringement of the TRUE RELIGION Mark

### Under 15 U.S.C. § 1114]

70.     Plaintiffs reallege and incorporate by reference each of the paragraphs above as though fully set forth here.

71.     Defendant's use in commerce of Plaintiffs' federally registered trademark is likely to cause confusion, mistake, or to deceive.

72.     The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

73.     Defendant has unfairly profited from the trademark infringement alleged.

74.     By reason of Defendant's acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the TRUE RELIGION Mark.

75.     Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their federally registered trademark.

76.     Defendant's acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

77.     By reason of Defendant's acts of trademark infringement, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendant. Accordingly, Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

78.     By reason of Defendant's willful acts of trademark infringement, Plaintiffs are entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

79.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Trademark Infringement and False Designation of Origin

### Under 15 U.S.C. § 1125(a))

80.     Plaintiffs reallege and incorporate by reference each of the paragraphs above as though fully set forth here.

81.     Defendant's use in commerce of the TRUE RELIGION Mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiffs.

82.     The above-described acts of Defendant constitute trademark infringement of the TRUE RELIGION Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

83.     Defendant has unfairly profited from the actions alleged.

84.     By reason of the above-described acts of Defendant, Plaintiffs have suffered damage to the goodwill associated with the TRUE RELIGION Mark.

85.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the TRUE RELIGION Mark.

86.     The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

87.     By reason of the above-described acts of Defendant, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted. Accordingly, Plaintiffs are entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

88.     Because the above-described acts of Defendant were willful, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

89.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## REQUEST FOR RELIEF

Therefore, Plaintiffs respectfully request judgment as follows:

1.      That the Court enter a judgment that Defendant:

   a)    has violated the rights of Plaintiffs in the TRUE RELIGION Mark in violation of 15 U.S.C. § 1125(d);

   b)    be ordered to transfer the Domain Name, and every domain name he owns which is identical or confusingly similar to the TRUE RELIGION Mark;

   c)    has violated the rights of Plaintiffs in the TRUE RELIGION Mark in violation of 15 U.S.C. § 1114(a);

   d)    has violated the rights of Plaintiffs in the TRUE RELIGION Mark in violation of 15 U.S.C. § 1125(a).

2.      That Defendant, his agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendant be preliminarily and permanently enjoined from the following activities:

a)      Registering, trafficking in, or using, in any manner, any Internet domain name that is identical or confusingly similar to the TRUE RELIGION Mark;

b)      Registering any domain name without providing complete and accurate contact information, including Defendant's full legal name, as the registrant, and not maintaining complete and accurate contact information, including Defendant's full legal name, as the registrant;

c)      Using any name, mark or designation that is confusingly similar to the TRUE RELIGION Mark;

d)      Using the TRUE RELIGION Mark, or any other name, mark, designation or depiction in a manner that is likely to cause confusion, or to cause mistake, or to deceive the public, that Defendant's goods or services are authorized, sponsored or approved by, or are affiliated with Plaintiffs;

e)      Using the TRUE RELIGION Mark, or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Defendant is affiliated or associated with or sponsored by Plaintiffs;

f)      Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 2(a) through 2(e) above;

3.      That Defendant be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendant's unlawful acts complained of above;

4.      That Defendant be ordered to account to Plaintiffs for, and disgorge, all profits he has derived by reason of the unlawful acts complained of above;

5.      That Defendant be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117;

6.      That Defendant be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, in an amount of One Hundred Thousand Dollars ($100,000) per domain name infringement;

7.      That Defendant be ordered to pay Plaintiffs' reasonable attorneys' fees, prejudgment interest, and costs of this Action under 15 U.S.C. § 1117;

8.      That Defendant be ordered to file with the Court, and serve upon Plaintiffs, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendant; and

That Plaintiffs be awarded such other relief as may be appropriate.

## JURY DEMAND

Plaintiffs, True Religion Apparel, Inc. and Guru Denim Inc. hereby demand a trial by jury to decide all issues so triable in this case.

Dated:  October 30, 2013                    Respectfully submitted,

                                            By:   /s/ R. David Hosp
                                            R. David Hosp (BBO # 634,091)
                                            FISH & RICHARDSON P.C.
                                            One Marina Park Drive
                                            Boston, MA 02210
                                            Telephone: (617) 542-5070
                                            Facsimile: (617) 542-8906
                                            Email: hosp@fr.com

David J. Steele, *pro hac vice (forthcoming)*
CHRISTIE, PARKER & HALE, LLP
18101 Von Karman Ave., Suite 1950
Irvine, CA  92612-0163
Telephone:  (949) 476-0757
Facsimile:  (949) 476-8640
Email:        djslit@cph.com

Attorneys for Plaintiffs
TRUE RELIGION APPAREL, INC.
GURU DENIM INC.

LLB PAS1262120.4-*-10/29/13 11:48 AM